UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04130-DMG-KS Date: August 4, 2026

Title *Andre Samuels v. J. Schultz*

---

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Kerri Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

## I. The Petition and Prior Proceedings

On July 20, 2026, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition purports to challenge a February 17, 2017 plea agreement, in which Petitioner ostensibly pleaded guilty to carjacking, second degree robbery, and sentence enhancements, as well as the 18-year sentence that was apparently imposed by the Superior Court for the County of San Bernardino pursuant to the agreement. (*Id.* at 2-64.)

Petitioner does not provide any information indicating that he appealed his conviction and sentence in the California courts and this Court is unable to find any record of Petitioner filing such an appeal. *See https://appellatecases.courtinfo.ca.gov* (last visited on August 4, 2026).[1]

Petitioner's publicly-available state court records indicate that Petitioner filed one prior habeas petition in the superior court that may have been related to the same judgment of conviction: *In the Matter of: Andre Samuels*, Case No. WHCSB2400290 (filed on November 7, 2024; denied on December 18, 2024).[2] Petitioner's state court records also indicate that Petitioner filed two

---

[1] *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Zinman v. Asuncion*, No. 2:22-cv-00886-JVS-JC, 2022 WL 580731, at *1 (C.D. Cal. Feb. 24, 2022) (taking judicial notice of the dockets of the California Court of Appeal).

[2] *See https://cap.sb-court.org/search* (last visited on August 4, 2026).

prior habeas petitions in the California Court of Appeal that may have been related to the same judgment of conviction: *In re Andre Samuels on Habeas Corpus*, No. A172711 (filed on March 17, 2025; denied as filed in the wrong division on March 20, 2025); *In re Andre Samuels on Habeas Corpus*, Case No. E085753 (filed on March 21, 2025; summarily denied on March 27, 2025). *See https://appellatecases.courtinfo.ca.gov* (last visited on August 4, 2026). Finally, the same state court records indicate Petitioner filed two prior habeas petitions in the California Supreme Court, one on October 5, 2000, which was summarily denied on January 30, 2001 (*Samuels on H.C.*, Case No. S092030) and one on May 21, 2025, which was summarily denied on October 15, 2025 (*Samuels (Andre Lamar) on H.C.*, Case No. S290998). *Id.*

Additionally, Petitioner filed a habeas petition in this Court on February 13, 2001 (*see Andre Lemar Samuels v. G J Guirbino*, No. 5:01-cv-00114-VAP-CW), which was denied with prejudice on April 22, 2004. (*Id.* at Dkt. Nos. 1, 22, 23.)

## II. Habeas Rule 4

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.* Accordingly, **by this Order, the Court notifies Petitioner that the Petition is subject to dismissal because it is facially untimely and potentially an unauthorized second or successive petition.**

## III. The Petition is Facially Untimely

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being

forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

> (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;
> (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or
> (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Here, section 2244(d)(1)(A) is the only applicable subsection based on the face of the Petition and available state court records. Under that provision – based on the date of conviction and sentence provided by Petitioner (February 17, 2017) and the fact that he does not state that he appealed that conviction to the California Court of Appeal – the state court's judgment of conviction became final on April 18, 2017 – when the statutory deadline passed for filing a direct appeal. See Cal. R. Ct. 8.308(a) ("a notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed"); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001) (where the petitioner did not appeal her conviction to the California Court of Appeal, the conviction became final sixty days after she was sentenced). The limitations period then ran from April 19, 2017 to April 19, 2018. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not sign the pending Petition until May 29, 2025, more than seven years later. Absent tolling, this action is patently untimely and subject to dismissal. *See* Habeas Rule 4.

Further, the Petition does not allege, much less establish, that Petitioner is entitled to an alternative commencement date for the statute of limitations or that he is entitled to statutory or equitable tolling. Notably, Petitioner's state court records do not indicate that any state habeas petitions addressing the same judgment of conviction and sentence that Petitioner challenges here were filed prior to 2000, which was after AEDPA's one-year statute of limitations had lapsed on April 19, 2018. *See Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("Because [the petitioner] did not file his first state petition until after his eligibility for federal habeas had already lapsed, statutory tolling cannot save his claim."); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). And, even if those petitions had afforded Petitioner statutory tolling, it would not have been sufficient to render the current Petition – filed seven years after Petitioner's conviction became final – timely.

In sum, Petitioner has not – and most likely cannot – demonstrate sufficient statutory and/or equitable tolling to extend his deadline for filing the instant Petition. Accordingly, the Petition is untimely, rendering this action subject to dismissal under Habeas Rule 4.

## IV. The Petition Appears to be Second or Successive

State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. §§ 2244(b)(1) (stating courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and 2244(b)(2) (stating that, with exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (noting that claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

Even when § 2244(b) provides grounds for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04130-DMG-KS Date: August 4, 2026

Title *Andre Samuels v. J. Schultz*

a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Here, as stated above, Petitioner filed a habeas petition in this Court on February 13, 2001 (*see Andre Lemar Samuels v. G J Guirbino*, No. 5:01-cv-00114-VAP-CW), which was denied with prejudice on April 22, 2004. (*Id.* at Dkt. Nos. 1, 22, 23.) While it is unclear from the docket of that proceeding whether Petitioner was challenging the same judgment of conviction, or the basis on which the Court denied that petition with prejudice, it appears likely that the current Petition is an unauthorized second or successive § 2254 petition and must be dismissed because the Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (finding that the district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

## V. Conclusion and Order

The Court's review of the Petition and available state court records establishes that Petitioner is not entitled to relief because the Petition is untimely and an unauthorized second or successive petition, both of which subject the Petition to summary dismissal under Habeas Rule 4. Nevertheless, in the interests of justice, the Court grants Petitioner the opportunity to show his Petition is, in fact, timely and not an unauthorized second or successive petition by filing a First Amended Petition that establishes such.

**IT IS THEREFORE ORDERED that, to discharge this Order and avoid dismissal, Petitioner, no later than September 3, 2026, shall file a First Amended Petition that does <u>all</u> of the following:**

**(1) Clearly identifies the state court judgment or proceeding that Petitioner is currently challenging, including the case number;**
**(2) Clearly identifies the state court judgment or proceeding that Petitioner was challenging in his prior federal habeas petition, *Andre Lemar Samuels v. G J Guirbino*, No. 5:01-cv-00114-VAP-CW;**
**(3) Clearly identifies the date on which the statute of limitations began to run on Petitioner's claims;**
**(4) Establishes one or all of the following:**

a. **Petitioner is entitled to an alternate start date of the applicable statute of limitations under 28 U.S.C. § 2244(d)(1)(B)-(D);**
b. **Petitioner is entitled to statutory tolling due to the number and timing of his state habeas petitions attacking the relevant conviction or sentence; and/or**
c. **Petitioner diligently pursued the instant habeas claims but extraordinary circumstances beyond his control prevented Petitioner from filing the Petition for many years.**

Alternatively, Petitioner may file a signed document entitled "Notice of Voluntary Dismissal" if he no longer wishes to proceed with this action. The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

**IT IS SO ORDERED.**

:

**Initials of Preparer** klh